IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL R. SWINEHART, | ) | CASE NO.: 1:09 CV 51 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| JACOBSON MANUFACTURING, INC. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant Jacobson Manufacturing, Inc.'s Motion for Summary Judgment. (ECF # 10.) For the reasons set forth below, Defendant's Motion is GRANTED.

**I. BACKGROUND**

On December 12, 2008, Plaintiff Michael Swinehart filed a Complaint against Defendant Jacobson Manufacturing, Inc. in the Court of Common Pleas for Medina County, Ohio. (ECF # 1.) In the Complaint, Plaintiff attempts to set forth a discrimination claim arising under Ohio Revised Code § 4112 (Count I), a Family and Medical Leave Act (FMLA) claim (Count II), and a negligence claim (Count III), against Defendant, his former employer. (*Id*.) On January 8, 2009, Defendant removed the case to this Court, pursuant to its federal question jurisdiction. (*Id.*)

On October 16, 2009, Defendant filed a Motion for Summary Judgment in this Court, requesting that the Court grant judgment in its favor on all counts of the Complaint. (ECF # 10.) On November 20, 2009, Plaintiff filed an Opposition to the Motion for Summary Judgment, asserting that his FMLA claim and gender harassment claim arising under § 4112 should proceed

to trial.  (*Id.* at 1.)[1]  On November 25, 2009, Defendant filed a Reply brief in support of its Motion.  (ECF # 15.)  Hence, the Motion for Summary Judgment has been briefed fully and is now ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards.  The court will view the summary judgment motion in the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "[t]he mere existence of

---

[1] In his Opposition, Plaintiff states that he will not pursue claims based on disability discrimination under § 4112 and common law negligence.  Accordingly, the aforementioned claims are hereby DISMISSED from this action.

a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered

by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual

issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.  It is with this standard in mind that the instant Motion must be decided.

### III. DISCUSSION

In resolving the instant Motion, the Court first turns to Plaintiff's FMLA claim.  Here, Plaintiff seeks recovery under the FMLA using two district theories, namely the entitlement theory and the retaliation theory.  (ECF # 13 at 14.)  The Court addresses these theories in turn.  The Court then addresses Plaintiff's remaining claim arising under Ohio Revised Code § 4112.02(A).

### A. FMLA Entitlement

Under the entitlement theory, also referred to as the interference theory, the issue is whether the employer provided the employee with FMLA entitlements.  *See Edgar v. JAC Prod., Inc.*, 443 F.3d 501, 507 (6th Cir. 2006).  To prevail on his entitlement claim, Plaintiff must demonstrate that: (1) he was an eligible employee under the FMLA, (2) Defendant was an employer as defined under the FMLA, (3) he was entitled to take leave under the FMLA, (4) he gave Defendant notice of his intention to take leave, and (5) Defendant denied Plaintiff FMLA benefits to which he was entitled.  *See id.*

In this case, Defendant does not dispute that Plaintiff was an eligible employee or that it is an employer under the FMLA.  (ECF # 10 at 9.)  Defendant asserts, however, that it did not deny Plaintiff FMLA benefits to which he was entitled, given that Plaintiff failed to provide the

requested certification within fifteen (15) days, as contemplated by 29 C.F.R. § 825.313(b).[2]

(ECF # 15 at 6.) Defendant states:

> In this case, Plaintiff did not return the FMLA certification within fifteen (15) days. Further, Plaintiff has not presented evidence of a medical emergency or any other such extenuating circumstances. Therefore, Defendant was justified in denying Plaintiff FMLA leave. In an attempt to avoid application of 29 C.F.R. § 825.313(b), Plaintiff ignores the facts of the case by stating that 'Defendant failed to afford [him] a specific time period within which to return the FMLA medical certification.' This statement is contrary to admissible evidence that demonstrates Plaintiff was well aware of his obligation to return the FMLA certificate within fifteen (15) days.

(*Id.* (citations omitted).) On this basis, Defendant seeks summary judgment in its favor with respect to this claim. (*Id.* at 6-8.)

Although Plaintiff now claims that Defendant failed to afford him a specific time period within which to return the FMLA medical certification (ECF # 13), Plaintiff testified at his deposition that Karen Meece provided him with the FMLA certification paperwork on November 8, 2006, and that he was told to return such paperwork to the Defendant in 15 days (ECF # 10 , Ex. 7 at 15-17). The record reflects that Defendant did not return the certification until December 22, 2006, well past the 15-day time-period set forth in § 825.313(b). (ECF # 10, Ex. 3; ECF # 15 at 6-7.)

Despite the fact Plaintiff did not return the certification within the 15 days, he asserts that

---

[2] Section 825.313(b) provides:

Unforeseeable leave. In the case of unforeseeable leave, an employer may deny FMLA coverage for the requested leave if the employee fails to provide a certification within 15 calendar days from receipt of the request for certification unless not practicable due to extenuating circumstances. For example, in the case of a medical emergency, it may not be practicable for an employee to provide the required certification within 15 calendar days. Absent such extenuating circumstances, if the employee fails to timely return the certification, the employer can deny FMLA protections for the leave following the expiration of the 15-day time period until a sufficient certification is provided. If the employee never produces the certification, the leave is not FMLA leave.

he was nevertheless entitled to the FMLA leave pursuant to the equitable tolling provisions of 29 C.F.R. § 825.305(b).[3] (*Id.* at # 17.) Because Plaintiff fails to direct this Court to any evidence that he made diligent, good faith efforts to provide the FMLA certification within the 15 days, Plaintiff is unable to demonstrate that Defendant denied him FMLA benefits to which he was entitled. Similarly, because Plaintiff fails to direct this Court to evidence sufficient to support his claim that he actually and reasonably relied on Defendant's allegedly misleading conduct, he is unable to demonstrate that principles of equitable estoppel support tolling the 15-day period. *See Rager v. Dade Nehring*, 210 F.3d 776, 778 (7th Cir. 2000). Based upon the foregoing, summary judgment is GRANTED with respect to Plaintiff's FMLA entitlement claim.

### B. FMLA Retaliation

The Court next turns to Plaintiff's FMLA retaliation claim. In this case, Plaintiff may assert a prima facie case of FMLA retaliation by demonstrating that: (1) he availed himself of a protected right under the FMLA, (2) he suffered an adverse employment decision, and (3) a causal connection exists between the exercise of his FMLA rights and the adverse employment decision. *See Jackson v. United Dairy Farmers*, 554 F. Supp. 2d 813, 816 (S.D. Ohio 2008). If Plaintiff sets forth a prima facie case, the burden shifts to Defendant to articulate a legitimate,

---

[3] Section 825.305(b) provides:

(b) Timing. In most cases, the employer should request that an employee furnish certification at the time the employee gives notice of the need for leave or within five business days thereafter, or, in the case of unforeseen leave, within five business days after the leave commences. The employer may request certification at some later date if the employer later has reason to question the appropriateness of the leave or its duration. The employee must provide the requested certification to the employer within 15 calendar days after the employer's request, unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts or the employer provides more than 15 calendar days to return the requested certification.

nondiscriminatory reason for the employment action.  *See id.*  If Defendant satisfies that burden, Plaintiff can survive summary judgment by showing that the proffered reason was merely pretextual.  *See id.*

Even assuming that Plaintiff could establish a prima face case, the record reflects that Defendant has presented evidence of a legitimate, nondiscriminatory reason for the employment action.  More specifically, Defendant has presented evidence that Plaintiff was terminated due to his failure to comply with the terms of its Attendance Policy.  (ECF # 10, Ex. 3.)  In response to this evidence, Plaintiff has failed to show that the stated reason for his termination was pretextual, and that the true reason for his termination was the exercise of his FMLA rights.  Accordingly, Plaintiff's claim for FMLA retaliation cannot survive summary judgment, and Defendant's Motion is GRANTED with respect to this claim.

### C. Ohio Revised Code § 4112 Claim

Because the Court has granted summary judgment on Plaintiff's federal claim arising under the FMLA, the sole remaining claim alleged is for gender-based harassment and hostile work environment under Ohio Revised Code § 4112.02(A).  Where, as in this case, federal issues are dismissed before trial, district courts may decline to exercise supplemental jurisdiction over state law claims.  *See* 28 U.S.C. § 1367(c)(3).  In determining whether to exercise supplemental jurisdiction, issues of judicial economy, convenience, fairness and comity are considered.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  As a general matter, "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Here, because there exists no prejudice to either party arising from re-litigating this state law issue in state court where it belongs for reasons of comity between the federal and state courts, this Court need not reach the merits of the sole remaining state law claim. On this basis, the Court will decline to assert supplemental jurisdiction over Plaintiff's remaining state law claim. This action shall be remanded to the Medina County Court of Common Pleas from which it was removed.

### IV. CONCLUSION

For the reasons set forth above, Defendant Jacobson Manufacturing, Inc.'s Motion for Summary Judgment is GRANTED. (ECF # 10.) Plaintiff's FMLA claim is hereby DISMISSED WITH PREJUDICE. Plaintiff's sole remaining claim for gender-based harassment and hostile work environment under Ohio Revised Code § 4112.02(A) is REMANDED to the Medina County Court of Common Pleas from which it was removed. This case is TERMINATED.

IT IS SO ORDERED.

                                                *s/ Donald C. Nugent*
                                                DONALD C. NUGENT
                                                United States District Judge

DATED: December 4, 2009